UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 20-22721-CIV-MORENO**

MARIO HERNANDEZ,

      Plaintiff,

vs.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, and JANET DHILLON, Chair
of the Equal Employment Opportunity
Commission,

      Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint or, in the alternative, Motion to Strike (**D.E. 9**). For the reasons that follow, the motion to dismiss is granted. As a preliminary matter, the Plaintiff's complaint is dismissed in its entirety as a shotgun pleading. As to the first two counts[1] under Title VII, dismissal is also appropriate because the Plaintiff has failed to allege that he exhausted his administrative remedies as a federal employee pursuant to 29 C.F.R. § 1614.105(a). The second count, as alleged, also violates Rule 8's short and plain statement requirement. *See* Fed. R. Civ. P. 8(a)(2). If appropriate, the Plaintiff may file an amended complaint that cures the foregoing pleading deficiencies. However, Plaintiff's claims under Florida's Civil Rights Act and the Defendant Equal Employment Opportunity Commission are dismissed with prejudice from this action, as Title VII is the exclusive remedy for federal employees suing for job-related discrimination and the proper Defendant in this action is the head of the federal agency.

---

[1] The Plaintiff did not number the counts in his complaint. He shall number the counts in any amended complaint.

## I.   BACKGROUND

The Plaintiff, Mario Hernandez, filed a four-count complaint against the Defendants, the Equal Employment Opportunity Commission and its Chair, Janet Dhillon. The complaint includes causes of action for sexual harassment and retaliation under Title VII and Florida's Civil Rights Act. According to the allegations in the complaint, the Plaintiff was employed by the Equal Employment Opportunity Commission when he was sexually harassed by his supervisor and the Defendants retaliated against him when he complained to the Defendants about the supervisor's misconduct.

Defendants now move to dismiss the complaint as follows: (1) the complaint is an impermissible shotgun pleading; (2) the sexual harassment and retaliation claims under Title VII (Counts I and II[2]) are inadequately pled as the Plaintiff has failed to allege that he exhausted his administrative remedies pursuant to § 1614.105(a); (3) the Title VII claims also fail to state a claim upon which relief can be granted; (4) Plaintiff's sexual harassment and retaliation claims under the Florida Civil Rights Act should be dismissed as Title VII is the exclusive remedy available to federal employees complaining of job-related discrimination; (5) the Equal Employment Opportunity Commission should be dismissed as a Defendant because the head of the agency is the only appropriate defendant in this type of action. Moreover, the Defendants also move to strike certain allegations pursuant to Federal Rule of Civil Procedure 12(f).

## II.   LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir.

---

[2] For ease of reference, the claims are referenced to in the order that they appear in the complaint.

2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

## III. DISCUSSION

### A. Shotgun Pleading

First, in their motion to dismiss, the Defendants maintain that the Plaintiff's complaint is a shotgun pleading because in each of his four claims for relief, Plaintiff "incorporates by reference the allegations in all preceding paragraphs." In *Weiland*, the Eleventh Circuit described the four types of shotgun pleadings as follows:

> [1] The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. [2] The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [3] The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. [4] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Despite the different types of shotgun pleadings, they have the "unifying characteristic" of failing "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the Plaintiff's complaint is the most common type of shotgun pleading because "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. For example, the second count, which is not numbered, begins by "incorporating by reference the allegations in all preceding paragraphs," including all of the first count's allegations. (D.E. 1 ¶ 69). Similarly, the first allegation of the third and fourth counts includes the same language, "incorporating by reference the allegations in all preceding paragraphs." *Id.* ¶¶ 74, 84.

Plaintiff's complaint is also a shotgun pleading because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. In his response to the Defendants' motion, the Plaintiff claims that the "complaint reprises allegations of non-sexual discrimination or discrimination based on national origin or disability in formal counts, as each [c]ount of Plaintiff's complaint incorporates by reference paragraph 17 of Plaintiff's complaint, stating that Plaintiff was subject to ongoing harassment (sexual and non-sexual) and a hostile work environment[] on the basis of sex (male), national origin (Hispanic), and disability (PTSD)." (D.E. 14, at 15). However, Plaintiff's complaint fails to separate these causes of action into different counts.

Given these pleading deficiencies, the Plaintiff's complaint is dismissed as a shotgun pleading. Specifically, the first and second count of the Plaintiff's complaint, which allege causes of action for sexual harassment and retaliation under Title VII, are dismissed without prejudice,

with leave to refile an amended complaint that cures the deficiencies outlined in this order. However, for the reasons that follow, the claims under the Florida Civil Rights Act are dismissed with prejudice. If appropriate, should the Plaintiff allege any additional causes of action, he shall separate and number his causes of action, e.g., national origin discrimination (Count III), disability discrimination (Count IV), and include the specific allegations that support the cause of action under each count, without referencing all of the preceding paragraphs in the complaint.

### B. Plaintiff's Failure to Exhaust Administrative Remedies (Counts I and II)

Second, the Defendants contend that the Title VII claims (Counts I and II) should be dismissed because the Plaintiff has failed to allege that, as a federal employee, he has exhausted his administrative remedies. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust h[is] administrative remedies as a jurisdictional prerequisite to filing a Title VII action.") (citing *Brown v. Gen. Servs., Admin.*, 425 U.S. 820, 832-33 (1976)).

In *Shiver*, cited by the Defendants, the Eleventh Circuit explained how "[u]nder Title VII…federal employees are required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (citing 29 C.F.R. § 1614.105(a)(1)). Section 1614.105(a) provides as follows:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

§ 1614.105(a). As such, "[g]enerally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver*, 549 F.3d at 1344 (internal citations omitted); *see also Robinson v. Jojanns*, 147 Fed. Appx. 922, 923-924 (11th Cir. 2005) (affirming district court's grant of motion to dismiss on 12(b)(6) grounds where federal employee failed to comply with § 1614.105(a)(1) and reasoning that "[a]n employee who fails to [comply with the regulation] suffers the dismissal of his complaint").

Here, "[f]ederal sector employees, such as [the Plaintiff], who believe they have been subject to discrimination, must initiate contact with a[] [] counselor within 45 days of the effective date of the personnel action." *Robinson*, 147 Fed. Appx. at 924 (citing § 1614.105(a)(1)). In his response to the motion to dismiss, the Plaintiff does not address *Shiver* or *Robinson*, or how he has sufficiently alleged exhaustion of his administrative remedies pursuant to § 1614.105(a)(1).

Accordingly, the first and second counts of Plaintiff's complaint are dismissed without prejudice, with leave to refile an amended complaint, if appropriate, that shows he has exhausted his administrative remedies pursuant to § 1614.105(a)(1).

**C. Plaintiff's Retaliatory Harassment Claim under Title VII (Count II)**

In order to allege a *prima facie* case of retaliation under Title VII, a plaintiff must show that: "(1) []he engaged in an activity protected under Title VII; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

Defendants argue that the complaint does not adequately allege the foregoing elements as the count does not include allegations pertaining to the nature of the complaint and when it was made, what the materially adverse action was, or any causal relationship between the protected activity and the adverse employment action.

Without reaching the merits of these arguments, the second count is dismissed without prejudice, with leave to refile an amended complaint, if appropriate. The Defendants argue, and the Court agrees, that this count violates Federal Rule of Civil Procedure 8's short and plain statement requirement. Instead of a short and plain statement under the second count, the Plaintiff references allegations spanning fifty-five paragraphs in the complaint when alleging the protected activity that he engaged in. (D.E. 1 ¶ 70). When alleging the materially adversed action he suffered, and its causal connection to his protected activity, the Plaintiff references allegations spanning thirty paragraphs. (D.E. 1 ¶¶ 71-72).[3] Given these allegations, the Court agrees with the Defendants' argument that the "Court is left to read through a kitchen sink of claims to try to find an action that could possibly qualify as materially adverse." The same can be said about discerning whether the Plaintiff has alleged protected conduct and whether such conduct was causally connected to an adverse employment action.

Hence, the second count of Plaintiff's complaint is dismissed without prejudice, with leave to refile an amended complaint, if appropriate, that cures these deficiencies. Should the Plaintiff file any amended complaint, he shall include a short and plain statement, in accordance with Federal Rule of Civil Procedure 8, showing that he is entitled to relief for the Defendants' alleged retaliation under Title VII. In doing so, the Plaintiff shall allege the relevant allegations for his

---

[3] The second count also references other allegations that are not pertinent. For example, when alleging his protected activity, the Plaintiff references paragraphs 3-58 in the complaint. However, paragraphs 3-21 do not include allegations describing the Plaintiff's protected activity.

retaliatory claim under that specific count and allege how he engaged in protected activity, the adverse employment action(s) he suffered, and the causal relationship between his protected activity and the adverse employment action(s).

### D. Plaintiff's Florida's Civil Rights Act Claims (Counts III and IV)

In the third and fourth counts in his complaint, the Plaintiff seeks to bring the same causes of action under the first two counts, sexual harassment and retaliation, but under the Florida Civil Rights Act. The Defendants contend that these counts should be dismissed because Title VII is the exclusive individual remedy available to a federal employee complaining of job-related discrimination. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976); *see also Canino v. EEOC*, 707 F.2d 468, 472 (11th Cir. 1983) (holding that the district court "properly dismissed [the plaintiff's] § 1981 claims on the basis that a federal employee's exclusive judicial remedy for alleged employment discrimination lies with § 717 of Title VII"); *Silva v. Potter*, No. 8:04-cv-2542-T-17EAJ, 2006 WL 3060040, at *5 (M.D. Fla. Oct. 26, 2006) ("[T]he Eleventh Circuit has specifically held that a federal employee's sole remedy for employment discrimination lies under Section 717 of Title VII of the 1964 Civil Rights Act, and since [the plaintiff] is a federal employee, the Court dismisses [the plaintiff's] claim under [the Florida Civil Rights Act] as to all defendants.").

In his response, the Plaintiff does not address the Defendants' arguments or *Brown* and *Camino*. Accordingly, as "a federal employee's exclusive judicial remedy for alleged discrimination lies with § 717 of Title VII," *see Camino*, 707 F.2d at 472, the third and fourth counts in the Plaintiff's complaint, causes of action for sexual harassment and retaliation under the Florida Civil Rights Act, are dismissed with prejudice.

### E. The Equal Employment Opportunity Commission as a Defendant

The Defendants also argue that the Equal Employment Opportunity Commission should be dismissed as a defendant because the head of the agency, Janet Dhillon here, is the proper defendant. 42. U.S.C. § 2000e-16(c) (providing that "head of department, agency, or unit, as appropriate, shall be the defendant"); *see also Camino*, 707 F.2d at 472 (affirming district court's dismissal of defendants "since the head of the agency involved is the only appropriate defendant in a Title VII action under section 717"). The Plaintiff failed to respond to this argument.

Accordingly, as the Plaintiff failed to address this argument in his response, and given the plain language of § 2000e-16(c), the Defendant Equal Employment Opportunity Commission is dismissed with prejudice from this action.

### F. Motion to Strike

Given the Court's ruling on the Defendants' motion to dismiss, the Defendants' motion to strike is denied without prejudice, with leave to refile, if appropriate.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is

**ADJUDGED** that

1. Defendants' motion to dismiss (**D.E. 9**) is **GRANTED**.

2. The Plaintiff's complaint (**D.E. 1**) is dismissed as a shotgun pleading.

3. The Plaintiff's Title VII claims (Counts I and II) are dismissed without prejudice, as the Plaintiff has failed to allege he has exhausted his administrative remedies pursuant to § 1614.105(a).

4. The second count, the Plaintiff's retaliatory harassment claim under Title VII, is also dismissed without prejudice, as it violates Rule 8's short and plain statement requirement.

5. The Plaintiff may file an amended complaint that cures the foregoing pleading deficiencies by **March 31, 2021.**

6. Plaintiff's Florida Civil Rights claims (Count III and IV) and the Defendant Equal Employment Opportunity Commission are dismissed with prejudice from this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th of March 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record