## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

MARIO HERNANDEZ )
)
       Plaintiff )    CASE NO.: 1:20-CV-22721-FAM
)
  v. )
) <u>AMENDED COMPLAINT</u>
JANET DHILLON, CHAIR )   <u>WITH JURY TRIAL DEMAND</u>
OF THE EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION )

       Defendant(s)
_____/

### <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful discrimination in federal employment practices on the basis of sex and retaliation, and to provide appropriate relief to Plaintiff Mario Hernandez who was adversely affected by such practices.

As alleged with greater particularity below in paragraphs 17 through 105, Plaintiff MARIO HERNANDEZ ("**PLAINTIFF**" and/or "**Plaintiff Hernandez**") alleges that he was subjected to ongoing harassment (sexual and non-sexual) and a hostile work environment by the Chair of the Equal Employment Opportunity Commission Janet Dhillon (**"Defendant"** or "**Defendant DHILLON****) when Defendant was aware of and permitted Enforcement Supervisor Kathryn Gonzalez ("Supervisor Gonzalez") to discriminate against Plaintiff, on the bases of sex (male), when, from 2012 to the March of 2020, which created a hostile work environment. Additionally, Defendant retaliated, as alleged with greater particularity below in paragraphs 106 through 135, against Plaintiff for opposing such practices by allowing by refusing to investigate the claims,

withholding promotions, changing his schedule, and frustrating his workload and taking actions that threatened his employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), and Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000e-16(c), 2000e-5(f)(1) and (3) et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.

2.      Venue is proper in the United State District Court for the Southern District of Florida, Miami Division, pursuant to 42 U.S.C., 2000e-5(f)(3).  In addition, venue is proper herein as the primary actions complained of either occurred within or were directed within the geographical boundaries of the Miami, Florida (Southern District of Florida); and pursuant to 28 U.S.C. Section 1391(e).

## PARTIES

3.      Plaintiff Hernandez is a Hispanic male currently domiciled in Miami, Florida, and who for all times relevant herein has been employed on a full-time basis as an employee of the United States Equal Employment Opportunity Commission ("EEOC" or "Agency"). At those times relevant to the subject of this lawsuit, Plaintiff Hernandez was assigned for his professional work to the Miami District Office, a field office within the Miami District of the EEOC located at 100 SE 2nd Street, Suite 1500, Miami, FL 33131 ("MIDO").

4.      At all relevant times, the EEOC has continuously been a Federal Agency doing business in the State of Florida and within the City of Miami and has continuously had at least 15 employees. At those times relevant to the subject of this lawsuit, Plaintiff Hernandez was employed by and assigned for his professional work MIDO.

5.      Defendant DHILLON is the Chair of the EEOC and, as such, is the Defendant, only in her official capacity as the Chair of the EEOC. Defendant DHILLON is the senior Executive Branch federal official responsible for the actions of the United States Equal Employment Opportunity Commission, which is the principal subject of the allegations made herein, and which is located at 131 M St. NE, 6th Floor, Washington, DC 20507.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT

6.      From approximately September of 2012 to present, Plaintiff Hernandez suffered from continuing violations, indiscrete acts and discrimination by Defendants as outlined in more detail herein.

7.      At all times material hereto, Plaintiff Hernandez was misled by Defendants into allowing any applicable statutory periods to lapse. Specifically, MIDO failed to establish a harassment policy, or established a procedure for reporting harassment or to disseminate its policy/procedures to its employees. Plaintiff Hernandez did not know, nor should have known, that the Office of Equal Opportunity (OEO) until Plaintiff participated in OEO Director Erica White-Dunston interview on or about October 16, 2017. At no point herein was Plaintiff informed about the EEO process by Supervisor Caddle, Supervisor. Ricardo, Supervisor. Wright, Director Farrell and/or MIDO management.

8.      Plaintiff Hernandez advised MIDO management (the EEOC) of complaints of unlawful sexual harassment, discrimination based on sex and retaliation since approximately 2012.

9.      Plaintiff Hernandez timely initiated the involvement of the Equal Employment

Opportunity (EEO) Office on October 16, 2017.

10.      Plaintiff Hernandez was issued the Notice of Right to File a Formal Complaint. Plaintiff Hernandez timely filed a formal EEO complaint.

11.      More than thirty (30) days prior to the institution of this lawsuit, Plaintiff Hernandez filed a charge with the Commission alleging violations of Title VII by Defendant DHILLON.

12.      Plaintiff submitted charges of discrimination to Defendant DHILLON within 180 days of the discrimination against them.

13.      Prior to the institution of this lawsuit, the EEOC and Defendant DHILLON issued letters of determination finding reasonable cause to believe that Plaintiff Hernandez was subjected to harassment and retaliation by the Defendant.

14.      Prior to the institution of this lawsuit, Defendant DHILLON and/or representatives failed/refused to attempt to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

15.      Thus, all conditions precedent to bringing this action have been performed or occurred.

## **STATEMENT OF FACTS**

16.      In April 2009, the EEOC hired Plaintiff Hernandez as a GS-12 Investigator at the MIDO.

### A.      **Harassment**

17.      Plaintiff Hernandez was subjected to ongoing harassment (sexual and non-sexual)

and a hostile work environment by Supervisor Katherine Gonzalez ("Supervisor GONZALEZ"),
a former MIDO Enforcement Supervisor, on the bases of sex (male); from 2012 to the March of
2020.

18.     Plaintiff was not aware of the OEO at the time Supervisor GONZALEZ began
harassing him.

19.     Plaintiff Hernandez was subjected to unwanted, unsolicited sexual advances by
Supervisor GONZALEZ that were severe and pervasive.

20.     In **September of 2012**, when Supervisor GONZALEZ became Plaintiff's manager,
she began to express romantic interest in him.

21.     Plaintiff Hernandez was subjected to unwanted, unsolicited sexual advances by
Supervisor GONZALEZ that were severe and pervasive.

22.     In **September of 2013**, Supervisor GONZALEZ scheduled a number of on-site
visits with Plaintiff in Key Largo and Key West, Florida. During the trip Supervisor GONZALEZ
forced Plaintiff to engage in a nonconsensual sexual relationship. At all times herein, Plaintiff's
nonconsensual sexual relationship with Supervisor Gonzalez was nothing more than quid pro quo,
in that he felt obliged to engage in sexual activity,  or be subjected adverse actions in the workplace.
GONZALEZ was aware that Plaintiff feared losing his job if he opposed engaging in sexual
activity.

23.     Following the Key West trip in **September of 2013**, Supervisor GONZALEZ
continued to engage in unwanted conduct towards Plaintiff.

24.     On or about **September 25, 2013** Plaintiff complained to Deputy Director Ozzie
Black regarding Supervisor Gonzalez's harassing conduct. Deputy Director Black failed to inform
Plaintiff of the OEO office or of the EEO process for filing a complaint.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

25.     On or about **February 4, 2014** Plaintiff complained to Supervisor Peters regarding Supervisor Gonzalez's harassing conduct. Supervisor Peters failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

26.     On or about **April 18, 2014** Supervisor GONZALEZ stalked Plaintiff, appearing at the hospital where Plaintiff's daughter was being treated because he refused to return multiple phone calls.

27.     On or about **April 22, 2014** Plaintiff complained to Supervisor Peters regarding Supervisor Gonzalez's harassing conduct. Supervisor Peters failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

28.     On or about **July 22, 2014** Plaintiff complained to Supervisor Wright regarding Supervisor Gonzalez's harassing conduct. Supervisor Wright failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

29.     On or about **January 18, 2015** at Justin's nightclub Supervisor GONZALEZ showed up, uninvited, to a birthday party for Plaintiff's wife. Supervisor GONZALEZ obtained the location of the party by online stalking Plaintiff on Facebook.

30.     In **August of 2015** Supervisor GONZALEZ enrolled her child in the same school that Plaintiff's children attended in order to maintain a close distance to Plaintiff and his family.

31.     On or about **September 3, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez.

32.     On or about **September 16, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

him.  Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals. In response, Plaintiff voiced his opposition to Supervisor.

33.     On or about **September 23, 2014** Plaintiff complained to Supervisor Peters regarding Supervisor Gonzalez's harassing conduct. Supervisor Peters failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

34.     On or about **October 8, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also touched Plaintiff in the groin/genitals and touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor

35.     On or about **October 21, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and exposed her breast to Plaintiff. In response, Plaintiff voiced his opposition to Supervisor

36.     On or about **October 29, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also touched Plaintiff in the groin/genitals and touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor

37.     On or about **November 4, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the

groin/genitals, touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez.

38.     On or about **November 19, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor.

39.     On **December 8, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals. In response, Plaintiff voiced his opposition to Supervisor.

40.     On or about **December 10, 2015** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse.  Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals. In response, Plaintiff voiced his opposition to Supervisor.

41.     On or about **December 25, 2015** Supervisor GONZALEZ stalked Plaintiff, appearing at the movie theater where he was watching a movie with his family. By accessing Plaintiff's computer without his knowledge/permission, Supervisor GONZALEZ was able to obtain the specific location of the theater, movie, and time.

42.     On or about **January 19, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

43.     On or about **February 4, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

groin/genitals, touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

44.     On or about **February 10, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals, touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

45.     On or about **February 23, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

46.     On or about **March 2, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

47.     On or about **March 15, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also touched Plaintiff in the groin/genitals and exposed her breast to Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

48.     On or about **March 17, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and exposed her breast to Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

49.     On or about **March 22, 2016** Plaintiff complained to Supervisor Peters and Supervisor Mercedes Riccardo about Supervisor Gonzalez's harassing conduct. Supervisor Peters and Supervisor Riccardo failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

50.     On or about **April 7, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him and demanding Plaintiff to engage in sexual intercourse In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

51.     On or about **April 13, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse.  In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

52.     On or about **April 14, 2016** Plaintiff complained to Supervisor Wright about Supervisor Gonzalez's harassing conduct.

53.     On or about **April 28, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and exposed her breast to Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

54.     On or about **May 11, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to rub Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals

and performed oral sex on Plaintiff.  In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

55.     On or about **May 17, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

56.     On or about **June 2, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to touched Plaintiff in the groin/genitals and performed oral sex on Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

57.     On or about **June 9, 2016** Supervisor Gonzalez sent a nude picture of herself via text message to Plaintiff, which was intercepted by Plaintiff's wife.

58.     On or about **July 20, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and exposed her breast to Plaintiff. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

59.     On or about **July 26, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

60.     On or about **July 28, 2016** Plaintiff complained to Supervisor Wright about Supervisor Gonzalez's harassing conduct. Supervisor Wright failed to inform Plaintiff of the OEO

office or of the EEO process for filing a complaint.

61.     On or about **August 1, 2016**, after Plaintiff transferred his children to another school, Supervisor GONZALEZ proceeded to transfer her child to the same school that Plaintiff.

62.     On or about **August 9, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to rub Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and to demand Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

63.     On or about **August 25, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

64.     On or about **August 29, 2016** Supervisor GONZALEZ texted Plaintiff eight (8) times within a two (2) minute span, asking Plaintiff, if he had feelings for her.

65.     On or about **September 6, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

66.     On or about **September 8, 2016**, after Plaintiff left work for the day, Supervisor GONZALEZ texted Plaintiff a gif, saying "im looking for you" and sent a subsequent text telling Plaintiff "I want to leave with you."

67.     On or about **September 13, 2016** Supervisor GONZALEZ, entered Plaintiff's

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him.  Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

68.     On or about **September 15, 2016** Plaintiff complained to Supervisor Peters about Supervisor Gonzalez's harassing conduct. Supervisor Peters failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

69.     On or about **September 22, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him.  Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff demanded Plaintiff to let her perform oral sex. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

70.     On or about **October 12, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

71.     On or about **October 18, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses) by forcing herself on him. Supervisor GONZALEZ also rubbed Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

72.     On or about **October 26, 2016** Supervisor GONZALEZ after being told to leave

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

Plaintiff alone, texted Plaintiff, asking if he was home, that she wanted to speak to him.

73.     On or about **November 10, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to rub Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals, exposed her breast to Plaintiff, and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

74.     On or about **November 17, 2016** Supervisor GONZALEZ, entered Plaintiff's office, shut the door and proceeded to rub Plaintiff's shoulders/neck, touched Plaintiff in the groin/genitals, exposed her breast to Plaintiff, and demanded Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

75.     On or about **December 7, 2016** Supervisor GONZALEZ entered Plaintiff's office, shut the door and refused to leave until Plaintiff would engage in sexual intercourse.  Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her to leave as she was interrupting his ability to work.

76.     On or about **December 13, 2016** Supervisor GONZALEZ entered Plaintiff's office, shut the door and refused to leave until Plaintiff gave her "besitos" (kisses). demanded Plaintiff to engage in sexual intercourse. Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her to leave as she was interrupting his ability to work.

77.     On or about **March 23, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and proceeded to demand Plaintiff for "besitos" (kisses), as well as demanding Plaintiff to engage in sexual intercourse. Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her to leave as she was interrupting his ability to work.

78.     On or about **April 18, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and proceeded to pull Plaintiff toward her by his shirt in a sexual and flirting manner.  She rubbed her breast against Plaintiff's body while demanding Plaintiff to engage in sexual intercourse. In response, Plaintiff voiced his opposition to Supervisor Gonzalez's and asked her to leave his office.

79.     On or about **April 20, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and proceeded to rub her breast against Plaintiff's body while demanding Plaintiff to engage in sexual intercourse. Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her  to leave as she was interrupting his ability to work.

80.     On or about **April 26, 2017** Plaintiff complained to Supervisor Caddle about Supervisor Gonzalez's harassing conduct. Supervisor Caddle failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

81.     On or about **May 16, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and refused to leave until Plaintiff gave her "besitos" (kisses) and demanded to perform oral sex on Plaintiff. Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her to leave as she was interrupting his ability to work.

82.     On or about **June 1, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and proceeded to place her hand on Plaintiff's groin/genital area, unzipped his pants, and demanded to perform oral sex on Plaintiff.   Plaintiff voiced his opposition to Supervisor GONZALEZ and asked her to leave his office.

83.     On or about **June 16, 2017** Investigator Ines Lozano's called Plaintiff into her office. Upon entering Ms. Lozano's office, Plaintiff realized that Supervisor GONZALEZ. Supervisor Gonzalez asked Ms. Lozano to leave the office. Plaintiff informed Supervisor Gonzalez

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

that Director Farrell had requested that they avoid speaking, however, Supervisor Gonzalez, continued to speak and ask questions, such as:

    a.   Asking Plaintiff if he knew whether a Co-worker had filed a EEO complaint against her.

    b.   Asking "why are your Bitch friends doing this" (in reference to harassment complaints filed against her);

    c.   Stated that complaints of sexual harassment would prevent her from moving up within the Agency;

    d.   Stated that if he [Plaintiff] not take her side and go along with her, he would suffer from negative repercussions, such as being terminated.

84.    On or about **June 27, 2017** Plaintiff complained to Supervisor Caddle and Supervisor Riccardo about Supervisor Gonzalez's harassing conduct. Supervisor Caddle and Supervisor Riccardo failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

85.    On or about **August 17, 2017** Supervisor GONZALEZ texted Plaintiff, "it's messed up that you keep giving away stuff I give you", "you are the fucked up one" after realizing that Plaintiff through away a gift she had given him.

86.    On or about **August 22, 2017** Plaintiff complained to Supervisor Wright and Supervisor Riccardo about Supervisor Gonzalez's harassing conduct. Supervisor Wright and Supervisor Riccardo failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

87.    On or about **September 13, 2017** Supervisor GONZALEZ entered Plaintiff's office, shut the door and attempted to force Plaintiff to engage in sexual intercourse. Plaintiff

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

voiced his opposition to Supervisor GONZALEZ and requested that she to leave as she was interrupting his ability to work.

88.     On or about **October 16, 2017** participated in an interview with OEO Director Erica White-Dunston regarding Supervisor Gonzalez's harassing/retaliatory conduct. Specifically, Plaintiff made his own complaints regarding the harassing/retaliatory conduct that Supervisor Gonzalez and MIDO management subjected him to. It was during this interview that Plaintiff was initially made aware of the Office of Equal Opportunity (OEO) and the EEO process for filing a complaint.

89.     Prior to **October of 2017** Plaintiff was repeatedly told by MIDO management that "headquarters was taking care of it" and was advised to take his complaints to the union. Specifically, at no point prior to October of 2017 was Plaintiff made aware of the OEO office or EEO process by MIDO management.

90.     On or about **December 25, 2017** Supervisor GONZALEZ stalked Plaintiff, appearing at the movie theater where he was watching a movie with his family. By accessing Plaintiff's computer without his knowledge/permission, Supervisor GONZALEZ was able to obtain the specific location of the theater, movie, and time.

91.     On or about **July 5, 2017** Plaintiff and a co-worker met with Director Farrell regarding Supervisor Gonzalez's harassing/retaliatory conduct. During the meeting Plaintiff informed Director Farrell of Supervisor Gonzalez's harassing conduct. However, Director Farrell reprimanded Plaintiff and co-worker, rather than recognizing them as victims.

92.     When Supervisor Gonzalez returned from her suspension in **January of 2018**, she kept going to the fifteenth (15th) floor, where Plaintiff was located, despite having been instructed by Director Farrell to avoid the fifteenth (15th) floor and Plaintiff. Supervisor Gonzalez was aware

that here mere presence on the fifteenth (15th) floor would create anxiety for Plaintiff and trigger his PTSD.

93.     On or about **March 21, 2018** Plaintiff contacted the Office of Equal Opportunity (OEO) to file a formal complaint regarding sexual harassment, non-sexual harassment, and retaliation.

94.     At all times herein, Supervisor GONZALEZ was aware of Plaintiff Hernandez's PTSD and anxiety and used her knowledge of the symptomology of his condition to manipulate him into doing what she wanted and into attempting to him to make him believe it was all his fault. Specifically, Supervisor GONZALEZ knew that Plaintiff's PTSD and anxiety would be triggered when whenever she exerted unjust and excessive control over him.

95.     At all times herein, Plaintiff Hernandez communicated his opposition to Supervisor GONZALEZ's unwanted advances.

96.     At all times herein, Plaintiff Hernandez subjectively perceived Supervisor GONZALEZ's offensive conduct as abusive.

97.     Supervisor GONZALEZ's harassment negatively affected Plaintiff employment as he began to experience more frequent PTSD flashbacks, reoccurring PTSD memories, anger, anxiety, stress, weight gain, and lack of sleep, which resulted in Plaintiff not being able to concentrate at work, missed days of work, and decreased productivity at work.

98.     By **April 18, 2017**, Plaintiff PTSD rating increased ninety (90) percentage points since he began working at MIDO. Specifically, Plaintiff's disability rating increased seventy (70) percentage points in a ten (10) month time span between June 7, 2016 through April 18, 2017. In addition, during the same time period, Plaintiff's weight increased by one hundred (100) pounds

99.     Additionally, Supervisor GONZALEZ's offensive conduct was severe and

pervasive enough to create an objectively hostile or abusive work environment for Plaintiff Hernandez at MIDO, as Plaintiff was continuously and repeatedly subjected to Supervisor GONZALEZ's offensive sexual touching and sexual comments which were humiliating, degrading, embarrassing and annoying.

100.    As a result of the forgoing, Plaintiff's was negatively affected as he constantly had to worry about Supervisor GONZALEZ entering his office and forcing him to engage in unwanted sexual activity. Plaintiff's constant worries led to a lack of focus on work matters, thus decreasing his productivity.

101.    Moreover, Plaintiff was negatively affected as he was the subject of constant rumors and banter that swirled through MIDO. Specifically, Plaintiff was repeatedly questioned by coworkers as to rumors regarding Supervisor GONZALEZ's harassment, which was both annoying and embarrassing he was constantly questioned by coworkers about matters which he did not wish to widely disseminate. As a result, Plaintiff became withdrawn from coworkers, less energetic, experienced difficulty concentrating during the workday.

102.    In addition, Plaintiff was negatively affected as most coworkers refused to interact with him after Supervisor GONZALEZ instructed them to avoid speaking to Plaintiff because he complained about Supervisor Gonzalez.

103.    MIDO failed to establish a harassment policy or established a procedure for reporting harassment or to disseminate its policy/procedures to its employees. Plaintiff Hernandez was not made aware of the Office of Equal Opportunity (OEO) until his interview with OEO Director Erica White-Dunston informed him on or about **October 16, 2017**.

104.    At no point herein was Plaintiff informed about the EEO process by Supervisor Caddle, Supervisor. Ricardo, Supervisor. Wright, Supervisor Peters and/or Director Farrell.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

105.    Accordingly, the Agency failed to establish that it exercised reasonable care to prevent harassment in the MIDO.

**B.    Retaliation**

106.    On or about **September 25, 2013** Plaintiff complained to Deputy Director Ozzie Black regarding Supervisor Gonzalez's harassing conduct. Deputy Director Black failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

107.    In **January of 2014**, as a result of Plaintiff's repeated complaint's, MIDO management placed Plaintiff under the supervision Supervisor Fernella Peters, who was the only Enforcement Supervisor who had successfully terminated employees. MIDO management transferred Plaintiff to Supervisor Peters' unit with the intention of placing him on a Performance Improvement Plan (PIP) and terminating his employment or forcing him to resign.

108.    Prior to Plaintiff's transfer to supervisor Peter's unit, Plaintiff was one of the top investigators at MIDO. Due to Plaintiff's complaints on numerous complaints of Supervisor Gonzalez's conduct, including Plaintiff's complaints to Supervisor Peters on February 4, 2014, Supervisor Peter's retaliated against Plaintiff by taking action which included, but was not limited to:

   a.  refusing to approve Plaintiff's cases;

   b.  sitting on Plaintiff's submitted cases, and allowing them to age, so as to not allow Plaintiff to be productive and keep up with his high closure rate.

   c.  requiring Plaintiff to redraft documents, then eventually approving the original versions at a later date to decrease Plaintiff's productivity

   d.  removing Plaintiff's cases from his inventory, then placing the cases back at later date to give appearance that Plaintiff was allowing his inventory to age.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

e.   backdating items in Plaintiff's inventory and making him responsible for "aged" cases.

109.    On or about **June of 2016**, Supervisor Gonzalez intentionally failed to submit Plaintiff's application for a Mediator position (promotion) in retaliation for numerous complaints Plaintiff had made to MIDO management regarding Supervisor Gonzalez's conduct. Moreover, Supervisor Gonzalez accessed Plaintiff's computer without permission and deleted a copy of Plaintiff's application for the mediator position.

110.    On or about **June 16, 2017** Investigator Ines Lozano's called Plaintiff into her office. Upon entering Ms. Lozano's office, Plaintiff realized that Supervisor GONZALEZ. Supervisor Gonzalez asked Ms. Lozano to leave the office. Plaintiff informed Supervisor Gonzalez that Director Farrell had requested that they avoid speaking, however, Supervisor Gonzalez, continued to speak and ask questions, such as:

a.   asking Plaintiff if he knew whether a Co-worker had filed a EEO complaint against her.

b.   asking "why are your Bitch friends doing this" (in reference to harassment complaints filed against her by Plaintiff's co-workers)

c.   stating that if he [Plaintiff] did not take her side and go along with her, he would suffer from negative consequences, such as being terminated.

111.    On or about **June 27, 2017** Plaintiff complained to Supervisor Caddle and Supervisor Riccardo Supervisor Peters and Supervisor Riccardo about Supervisor Gonzalez's harassing conduct. Supervisor Peters and Supervisor Riccardo failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

112.    On or about **August 22, 2017** Plaintiff complained to Supervisor Wright and

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

Supervisor Riccardo about Supervisor Gonzalez's harassing conduct. Supervisor Wright and Supervisor Riccardo failed to inform Plaintiff of the OEO office or of the EEO process for filing a complaint.

113.    On or about **July 5, 2017** Plaintiff and a co-worker met with Director Farrell regarding Supervisor Gonzalez's harassing/retaliatory conduct. During the meeting Plaintiff informed Director Farrell of Supervisor Gonzalez's harassing conduct. However, Director Farrell reprimanded Plaintiff and co-worker, rather than recognizing them as victims.

114.    On or about **October 2, 2017** Supervisor Peters refused/failed to provide Plaintiff with a performance evaluation for the fiscal year, in retaliation for the numerous complaints made had made regarding harassing/retaliatory conduct of Supervisor Gonzalez and MIDO management. Without a performance evaluation, Plaintiff was unable to receive a pay increase and/or promotion.

115.    On or about **October 16, 2017** participated in an interview with OEO Director Erica White-Dunston regarding Supervisor Gonzalez's harassing/retaliatory conduct. Specifically, Plaintiff made his own complaints regarding the harassing/retaliatory conduct that Supervisor Gonzalez and MIDO management subjected him to. It was during this interview that Plaintiff was initially made aware of the Office of Equal Opportunity (OEO) and the EEO process for filing a complaint.

116.    In **October of 2017**, after Plaintiff participated in an interview OEO Director Erica White Dunston (protected activity), MIDO management began taking retaliatory actions against Plaintiff which included, but were not limited to:

    a.    Supervisor Caddle would overcriticized Plaintiff's work so that Plaintiff would be unable to timely complete his work.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

  b. Supervisor Caddle, Supervisor Wright, and others in MIDO management ostracized Plaintiff.

  c. Supervisor Caddle manipulated Plaintiff's caseload, digitally assigning cases but not providing Plaintiff with the physical file, leaving Plaintiff unaware that he had been assigned said cases.

  d. Supervisor Caddle removed Plaintiff from his flexible schedule when he moved.

  e. In February of 2017 Supervisor Caddle threatened Plaintiff with a PIP.

117. On or about **March 21, 2018** Plaintiff contacted the Office of Equal Opportunity (OEO) to file a formal complaint as to sexual harassment, non-sexual harassment, and retaliation.

118. In **March of 2018** Plaintiff was denied a pay increase by MIDO management for having made complaints against Supervisor Gonzalez and MIDO management.

119. On **April 4, 2018** Plaintiff was again interviewed by the OEO as to his complaints of sexual harassment, non-sexual harassment, and retaliation.

120. On **May 4, 2018** Plaintiff was placed on leave restriction, due to MIDO management's manipulation of his time, as management had been forcing him to take leave inconsistently with the past pattern and practice of the Agency.

121. On or about **October 1, 2018**, Supervisor Caddle refused/failed to provide Plaintiff with a performance evaluation for the fiscal year. Without being given a performance evaluation, Plaintiff was unable to receive a pay increase and/or promotion.

122. On or about **October 1, 2019**, Supervisor Caddle refused/failed to provide Plaintiff with a performance evaluation for the fiscal year. Without being given a performance evaluation, Plaintiff was unable to receive a pay increase and/or promotion.

123. In addition, MIDO management shamed, questioned, and doubted Plaintiff about

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

his complaints.

  a.   On **March 26, 2019**, MIDO Investigator Nilia Marti had a case returned to her by MIDO Enforcement Supervisor Jackie Gabriel, who disagreed with her analysis. The case involved a consensual relationship, however, in front of coworker, Supervisor Gabriel used Plaintiff's case an example to make her point to Investigator Marti, saying "do you think that is okay that Mario Hernandez (Plaintiff) was screwing in the office next to you?" As a result of the aforementioned comment, Plaintiff was extremely embarrassed and left feeling worthless. For the rest of the day Plaintiff was in depressed state of mind for the unable to be productive at work.

  b.   In **March of 2019** Supervisor Wright asked Plaintiff and co-worker, who filed a similar complaint, "what type of boat are guys going to buy" because she heard from a coworker that Plaintiff and coworker were going to settle their cases against Defendant for a significant sum of money.

  c.   MIDO management further ostracized Plaintiff for his informal and formal complaints against Supervisor Gonzalez and MIDO management.

  d.   Director Michael Farrell shamed, questioned, and doubted Plaintiff's complaints of Supervisor Gonzalez's conduct, saying that he found it hard to believe that "poor, little 5-foot Ms. Gonzalez took advantage of Plaintiff".

  e.   MIDO management constantly spread rumors of the ongoings of Plaintiff's complaint.

124.   In **March of 2019** Plaintiff was denied a pay increase because of his engagement in protected activity.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

125.     On or about **March 5, 2019** Supervisor Wright and Supervisor Caddle falsely accused Plaintiff and Tony Castillo of taking a two-hour lunch. Supervisor Caddle told Plaintiff that they were going to be disciplined, however, Mr. Castillo was not at work the day, he and Plaintiff were accused of taking the two-hour lunch.

126.     In **October of 2019**, Supervisor Caddle refused/failed to provide Plaintiff with a performance evaluation for 2018-2019. As such, without a performance evaluation, Plaintiff was unable to receive a pay increase.

127.     In **March of 2020** Plaintiff was denied a pay increase because of his engagement in protected activity.

128.     As a result of the retaliation, Plaintiff disposition changed at work, as he became withdrawn/ostracized from coworkers, less energetic, experienced difficulty concentrating during the workday.

129.     In addition, as a result of the retaliation, Plaintiff suffered from loss of credibility and a damaged professional reputation.

130.     The aforesaid adverse employment actions; misconduct, acts and omissions to the Plaintiff's detriment; were all taken (or failed to be taken) by administrators, managing, and supervisory personnel at MIDO in retaliation for the protected EEO activity of the Plaintiff. As a result, Plaintiff's Plaintiff employment was negatively affected as he began to experience more frequent PTSD flashbacks, reoccurring PTSD memories, anger, anxiety, stress, weight gain, and lack of sleep, resulting in Plaintiff not being able to concentrate at work, missed days of work, and decreased productivity at work.

131.     As a result of the forgoing, Plaintiff's was negatively affected as he constantly had to worry about being retaliated against for engaging in any sort of protected activity, which occurred often as Plaintiff was interviewed on several occasions in relation to OEO Director Erica White Dunston's

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

investigation. Plaintiff's constant worries led to a lack of focus on work matters, thus decreasing his productivity.

132.    In addition, Plaintiff was negatively affected as most coworkers refused to interact with him for engaging the protected activity described above.

133.    As a direct and proximate result of Plaintiff's engagement in protected EEO activity, Plaintiff has suffered the adverse employment actions set forth above. These actions would deter a reasonable employee from engaging in EEO activity

134.    The Defendant, through acceptance of such conduct, fostered an attitude among administrators, managers and supervisors at MIDO- that retaliation against employees, in order to discourage protected EEO activity is an acceptable employment practice by administrators, managers and supervisors at MIDO.

135.    The retaliation affected the terms and conditions of Plaintiff's employment as outlined above in specific detail.

## CLAIMS FOR RELIEF

### COUNT I
### (Harassment based on Sex)
### (Title VII of the Civil Rights Act of 1964, U.S.C. §§ 2000(e), et. Seq.)

136.    Plaintiff Hernandez incorporates by reference the allegations paragraphs 17 through 105.

137.    On a continuing basis since at least 2012, Defendant were aware that Supervisor GONZALEZ, subjected Plaintiff Hernandez to unwelcome conduct related to his sex, male, including sexual advances, requests for favors, or other verbal or physical conduct of a sexual nature location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a). Specifically, Defendant was aware that Supervisor GONZALEZ subjected Plaintiff Hernandez to unwelcome conduct related to his sex as outlined in paragraphs 17 through 105, above.

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

138.    The harassment and unlawful employment practices suffered by Plaintiff Hernandez were based on his sex, male.

139.    The effect of the harassment and unlawful employment practices complained of in paragraphs 17 through 105, above were sufficiently severe and pervasive and had the purpose and effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile or offensive work environment.

140.    The effect of the harassment and unlawful employment practices complained of in paragraphs 17 through 105, above has been to deprive Plaintiff since at least 2016 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, male.

141.    The unlawful employment practices complained of in 17 through 105, above were intentional and caused Plaintiff Hernandez to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or personal stress and mental and physical pain and suffering

142.    The unlawful employment practices complained of in 17 through 105, above were intentional and caused Plaintiff Hernandez to lose earnings, compensation and income including, but not limited to, back-pay.

143.    The unlawful employment practices complained of in 17 through 105, above were engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff Hernandez.

144.    The unlawful employment practices complained of in 17 through 105, above form the basis for imputing liability on Defendants as Defendants were aware of the harassment and unlawful employment practices since 2012 and failed to take any prompt and/or reasonable action

to end the harassment

145.    All conditions precedent to bringing this action have been performed or occurred as outlined in paragraphs 6 through 15 above

### CLAIMS FOR RELIEF

### COUNT II
### (Retaliation/Retaliatory Harassment)
### (Title VII of the Civil Rights Act of 1964, U.S.C. §§ 2000(e), et. Seq.)

146.    Plaintiff Hernandez incorporates by reference the allegations in paragraphs 106 through 135.

147.    Plaintiff Hernandez, at all times material hereto, undertook protected activity when he complained to Supervisor GONZALEZ, OEO Director Erica White Dunston, Director Farrell, Deputy Director Black, Supervisor Caddle, Supervisor Wright, Supervisor Wright, Supervisor Riccardo and MIDO management. about the unwanted and unlawful conduct as outlined in paragraphs 106 through 135, above.

148.    As a direct and proximate result of the protected EEO activity, Plaintiff suffered material adverse employment actions, as a result of participating in protected EEO activity, as outlined in paragraphs 106 through 135, above. These actions would deter a reasonable employee from engaging in EEO activity.

149.    A causal nexus exists between Plaintiff Hernandez's undertaking of the protected activity and the retaliatory conduct complained of in paragraphs 106 through 135, above and the material adverse action taken by Defendants against him.

150.    All conditions precedent to bringing this action have been performed or occurred as outlined in paragraphs 6 through 15, above.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff Mario Hernandez respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting male employees to unwelcome, sexually graphic and vulgar sexual harassment and retaliation for opposing such harassment.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for male, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendants to make whole Plaintiff Hernandez by providing restitution and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 17 through 135 above, in amounts to be determined at trial;

D.      Order Defendants to make whole Plaintiff Hernandez by providing full restitution and compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 17 through 135 above, in amounts to be determined at trial;

E.      Order Defendant full restitution or compensation for loss of personal and sick leave, and for all retirement benefits

F.      Order Defendants to pay Plaintiff Hernandez punitive damages for its malicious and reckless conduct described in 17 through 135 above, in amounts to be determined at trial;

G.      Order Defendants to issue Plaintiff's promotion.

H.      Order Defendants to pay Plaintiff for any benefits including, but not limited to, sick leave, annual leave, or leave without pay taken as a result of the alleged discriminatory or retaliatory harassment.

I.      Order Defendants to confirm that Plaintiff Hernandez leave restriction has been lifted and remove any documentation concerning the leave restriction from Plaintiff's personnel

AZOY SOCORRO, LLP 2020

Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

records.

J.        Order the appropriate and necessary posting related to the claims herein.

K.        Order Defendants to restore Plaintiff Hernandez's flexible schedule and telework consistent with Agency policy and provisions of the Collective Bargaining Agreement.

L.        Order Defendants to remove any documentation concerning Plaintiff Hernandez's current PIP or references thereto from Plaintiff's personnel file.

M.        Order Defendants to forward information regarding its veteran's advocacy group (Veteran Employees Serving Together) (VETS) to the Plaintiff Hernandez regarding any further developments as it becomes available.

N.        Order Defendants to consider taking disciplinary action against Supervisor GONZALEZ. In determining the appropriate disciplinary action, the Agency must consider Supervisor GONZALEZ egregious misconduct and 29 CFR 1604 (EEOC's Zero Tolerance Policy).

O.        Award Plaintiff his costs of this action, including reasonable attorneys' fees under 42 U.S.C.A. § 2000e-5; Fla. Stat. § 760.11 (2004); and 42 U.S.C.A. §§ 12203 and 12205; and pre-judgment interest, and

P.        Grant such further relief as the Court deems necessary and proper in the public's interest.

### <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Dated: March 31, 2021

*/s/ David M. Fraguio_____*
**JOSÉ A. SOCORRO, ESQ.**

AZOY SOCORRO, LLP 2020
Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

Florida Bar No.: 011675
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
2020 Ponce de Leon Blvd.,
Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
david@azoysocorro.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 31, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ David M. Fraguio*
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475

## SERVICE LIST

*Counsel for Defendants*
SUZETTE A. SMIKLE, ESQ.
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. A5500898
99 N.E. 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9370
Fax: (305) 530-7139
Email: suzette.smikle@usdoj.gov