UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-22721-CIV-MORENO/GOODMAN

MARIO HERNANDEZ,

     Plaintiff,

v.

CHARLOTTE BURROWS, CHAIR
OF THE EQUAL EMPLOYMENT
OPPURTNITY COMMISSION,

     Defendant.

_____/

**ORDER ON DEFENDANT'S *EXPEDITED* MOTION FOR PROTECTIVE ORDER**

Defendant, the Chair of the Equal Employment Opportunity Commission, has filed an expedited motion for a protective order [ECF No. 74], seeking relief for a photograph taken of a non-party EEOC employee which was produced to Plaintiff in discovery in this sexual discrimination and retaliation federal civil rights lawsuit. According to an email from the EEOC's Director of Field Programs [ECF No. 56-30], the female employee (a supervisor) voluntarily allowed a male subordinate employee to photograph her in a sexually explicit manner.

The photograph shows the female supervisor in front of a desk in the EEOC's Miami District Office with her top pulled down and her body exposed from her neck to

her stomach. Although the woman's face is not visible in the photo, the supervisor at issue later confirmed in a deposition that she is the woman in the photo.

The supervisor (who was later demoted and is the one who allegedly discriminated against Plaintiff) is not a party to the lawsuit, and she did not seek to intervene or otherwise advocate for a protective order concerning the photo. Plaintiff filed a response and Defendant filed a reply. [ECF Nos. 79; 80].

For the reasons outlined in greater detail below, the Undersigned **denies** the EEOC Chair's motion. By way of summary, though, the Undersigned denies the motion because (1) Defendant does not have standing to seek a protective order for the personal privacy rights of non-parties; and (2) even if Defendant has standing (which she does not), Plaintiff has already announced in a federal court submission [ECF No. 79] that he has no intention to disclose the photo to anyone not involved in this lawsuit.

**<u>Factual and Procedural Background</u>**

Plaintiff Mario Hernandez is an EEOC investigator. According to the Amended Complaint and Hernandez's later deposition testimony, he alleges that he and Supervisor Katherine Gonzalez had a consensual sexual relationship which then at some point (he cannot pinpoint exactly when) evolved into a non-consensual sexual relationship. He claims that Ms. Gonzalez pressured him into a non-consensual sexual relationship, discriminated against him and retaliated against him when he rejected her unwanted sexual advances. For her part, Ms. Gonzalez admits that she had a consensual sexual

relationship with Hernandez, but only from August 2013 through April 2014.

In the first quarter of 2017, another EEOC employee (not Hernandez, but another client of Plaintiff's law firm), took the photograph of Ms. Gonzalez. According to her deposition testimony, she initially opposed the male employee's efforts to pull down her shirt and expose her breasts but then she began "kind of like play fighting [with him] in a sense," and "let him" take the picture, after which he purportedly showed her that he had deleted the photograph. [ECF No. 80-4, pp. 4-5].

During a discovery hearing, I granted Plaintiff's request for Defendant to produce a copy of the photograph, which defense counsel said was being kept in a safe in an EEOC office in Washington, D.C. The photo was responsive to request number 48 of Plaintiff's second request for the production of documents. During a hearing about that discovery dispute, defense counsel contended that the photo is irrelevant and beyond the scope of discovery. Plaintiff's counsel explained that the photograph is relevant for discovery purposes because, among other reasons, it would show the consensual nature of the photograph. Neither Plaintiff's counsel nor defense counsel told me at the time that the woman's face was not visible in the photograph. In any event, Defendant complied with the discovery ruling and later produced a copy of the photo to Plaintiff's counsel.

After producing a copy of the photo to Plaintiff's counsel, Defendant filed the instant motion for a protective order on an expedited basis. The Undersigned imposed a briefing schedule and directed the parties to discuss, among other issues, whether

Defendant has standing to seek a protective order for the benefit of a non-party.

Defendant's expedited motion for a protective order contends that any further disclosure of the photograph "implicates the **privacy** and confidentiality of **individuals not a party** to this litigation." (emphasis added). The motion concedes that Ms. Gonzalez is not a party to the litigation and then contends that **"her** privacy interests would be severely implicated" if the photo were disclosed to others not involved in this lawsuit. (emphasis supplied). It then says that further disclosure "could cause detrimentally undue and irreversible hardship and embarrassment **to Ms. Gonzalez** and her family." (emphasis supplied).

## Applicable Legal Principles and Analysis

Federal Rule of Civil Procedure 26(c) provides, in relevant part, that "a party or any person from whom discovery is sought may move for a protective order." The rule authorizes a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." *Id.* Defendant argues that the rule permits her to seek an Order protecting the personal privacy rights of a non-party because, after all, she (as EEOC Chair) is a *party* and the rule authorizes parties to file motions for protective orders.

But that argument is unpersuasive, as it completely ignores the fundamental and critical concept of standing. Yes, Defendant is a party, and she therefore has standing to seek a protective order for issues affecting *her,* as a party. But she does not have standing

to seek protection for non-parties on personal issues affecting only the non-parties. Rule 26(c) says nothing about standing either way, but the requirement is implicit and case law authority has so recognized this underlying requirement.

If standing were not required, then Defendant's technical, focus-only-on-the-specific-words approach would mean that (1) a non-party could file a motion for a protective order to protect a named party's rights (because the rule authorizes a non-party to file "*a*" motion for a protective order and does not expressly say that standing is required) and (2) a party could file motions for protective orders to obtain protection for non-parties for all sorts of reasons, such as the discovery is too expensive, complying with discovery would take too long, responding to the discovery request would monopolize the time of too many employees in a small, privately-held business and the time to comply is unreasonably short.

The non-parties, of course, could seek a protective order for those reasons listed in category two (because those reasons directly affect *them*), and those non-parties could also seek similar relief under Federal Rule of Civil Procedure 45(d)(3) (assuming that a subpoena is the discovery tool involved). But a party could not successfully file a Rule 26(c) motion for protective order or a Rule 45 motion to quash or modify based on the concerns of only non-parties. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 8:20-CV-1328-T-33CPT, 2020 WL 7138621, at *3 (M.D. Fla. Dec. 7, 2020) ("Defendant lack[ed] standing to challenge [a] subpoena on the grounds that it would impose an undue burden on [non-

5

party] to produce documents outside of Rule 45's 100-mile limit."); *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479-KOB-HNJ, 2019 WL 4686352, at *6 (N.D. Ala. Feb. 12, 2019) ("To the extent non-party subpoenas seek documents or information not directly related to a party, such a party has no standing to assert that a subpoena to another seeks irrelevant, burdensome, oppressive, or overly broad information."); *AF Holdings LLC v. Does 1-31*, No. 12-20922-CIV, 2012 WL 12874594, at *1 (S.D. Fla. June 28, 2012) ("To the extent [movant] is claiming any undue hardship on the part of [non-party], [movant] has no standing to raise such an argument under Rule 26.").

But Defendant's expedited motion is fundamentally inconsistent with these cases (and would require them to be decided in a contrary way) because, under her view of Rule 26(c), she *can* file a motion because her mere status as a party (and the use of the word "party" in Rule 26(c)) somehow trumps basic standing principles.

Although Rule 26(c) does not mention a standing component either way, a party does not have standing to challenge discovery propounded to a non-party, unless the party has a personal right or privilege concerning the subject matter of the documents or information sought. *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *3 (S.D. Fla. Sept. 19, 2014) (and also explaining, at *2, an earlier order in the same case that a judgment debtor lacked standing to challenge a subpoena served on a bank for records of non-parties based on their privacy rights); *see also Wheeler v. Blackbear Two, LLC*, No. 6:12–cv–583–ORL–37TBS, 2012 WL 5989423, at *3 (M.D. Fla. Nov. 30, 2012) ("Under Florida law,

Defendant does not have standing to object [to discovery] on the basis of its employees' privacy rights," as the right to privacy is "personal to the individual.") (citing *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 940 (Fla. 2002)); *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 694 (S.D. Fla. 2011) (finding that party lacks standing to object to discovery based on the privacy rights of non-parties).

Even the cases which Defendant cited acknowledge that a party may file a Rule 26(c) motion for a protective order concerning discovery propounded to a third party when the basis for the objection **concerns the party**, as opposed to a motion based on the concerns of *others*. An interest which concerns a party, for example, is a discovery request to a third party, such as a subpoena which seeks irrelevant information. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants, however, have made no showing of undue burden. Further, Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds");[1] *see generally* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035 (3d ed. updated Apr. 2021) ("A party may *not* ask for an order to protect the *rights*

---

[1]     Defendant submitted as an exhibit to its reply [ECF No. 80-2] *Fair Housing Center of the Greater Palm Beaches*, N0. 05-81040-Civ., 2006 WL 8066685, at * 1 (S.D. Fla. Oct. 23, 2006), which cites *Auto-Owners*. Defendant also cited *Armas v. Miabraz, LLC*, No. 12-20063, 2012 WL 13014668, at *1 (S.D. Fla. June 22, 2012) (explaining that a party has standing to seek a protective order "if the subpoenas seek *irrelevant* information" (emphasis added)).

*of another party or a witness* if that party or witness does not claim protection for himself, but a party may seek an order if it believes its *own* interest is jeopardized by discovery sought from a third person." emphasis added)).

Defendant submitted *Armor Screen Corp. v. Storm Catcher, Inc.*, which explained that "[i]n the Eleventh Circuit, the general rule is that a party **lacks standing** to challenge subpoenas served on another, **unless** that party alleges a '**personal right or privilege** with respect to the materials subpoenaed.'" No. 07-81091-Civ., 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)) (emphasis added).[2]

Based on *Brown v. Braddick* and its progeny, it is clear that Defendant could file a motion for a protective order if she challenged the relevancy or discoverability of the photo, as that argument is one in which she (as a named party) has a personal right or

---

[2]     *Brown v. Braddick* is binding law in our Circuit and is still good law even though it was decided more than 41 years ago. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981). District courts in our Circuit continue to regularly cite to it and rely on it for the standing limit and the exception (inapplicable here) where a party asserts a "personal right or privilege with respect to the materials" at issue in the motion. *See, e.g., Scoma Chiropractic, P.A. v. National Spine and Pain Denters, LLC*, No. 2:20-cv-430, 2021 WL 4991523, at *2 (M.D. Fla. Oct. 27, 2021) (citing *Brown v. Braddick* for the view that the lack of standing rule "excludes challenges 'on the grounds of oppression and undue burden … where the non-parties have not objected on those grounds'"); *Tuna Family Mgmt. Inc.*, No. 20-14017-CIV, 2021 WL 4877692, at *1 (S.D. Fla. Oct. 19, 2021); *Aspen American Insurance Co. v. Tasal, LLC*, No. 6:20-cv-875, 2020 WL 10140952, at *6 (M.D. Fla. Dec. 23, 2020) (citing *Brown v. Braddick* and holding that because "Plaintiff has not established the existence of a privilege, it lacks standing to even bring the [m]otion").

privilege.

But that is not what this expedited motion is about. The lack-of-relevancy argument was *already* raised and discussed at the hearing, when I ruled that the photo was discoverable (but did not make any rulings about admissibility at trial or in other forums, such as summary judgment motion practice). Defendant did not pursue Objections to the relevancy ruling concerning the discoverability of the photo.

*Brown v. Braddick* (and other authorities discussed here) also make clear that Ms. Gonzalez *herself* could have sought protection to limit the further disclosure of the photo showing her in "a state of partial undress." [ECF No. 74, p.2]. But she did not.

So we are left with a party (the EEOC Chair) who is seeking a protective order based on a motion which is expressly designed to protect *Ms. Gonzalez's* alleged privacy interests and to prevent possible embarrassment to *her*. Defendant has not argued that she (a named party) has a personal right or privilege at issue in the expedited motion concerning the photo, nor could she, given the nature of the private concern.

Under these circumstances, Defendant lacks standing to seek protection based on the sole argument asserted in the motion – *i.e.*, to protect a non-party from embarrassment.

However, Ms. Gonzalez is not without some level of protection. In a formal response filed on the public docket, Plaintiff has unequivocally represented that he has no intent to disclose the photo to anyone not involved in this litigation. The Undersigned

is confident that Plaintiff and his counsel will abide by that clear representation. If Ms.

Gonzalez were to learn that Plaintiff and/or his attorneys failed to comply with their

official assurance filed on the docket, then she may file an appropriate motion.

   **DONE AND ORDERED** in Chambers, in Miami, Florida, on December 20, 2021.


                   _____
                   Jonathan Goodman
                   UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All Counsel of Record