**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case No. 20-22721-CIV-FAM**

MARIO HERNANDEZ,

    *Plaintiff*,

v.

CHARLOTTE BURROWS, CHAIR
OF THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    *Defendant.*

_____/

**JOINT EMERGENCY MOTION FOR CONTINUANCE OF TRIAL**

Pursuant to Rule 7.6 of the Local Rules of the Southern District of Florida and Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and this Honorable Court's Order of Continuance and Order Revising Pretrial Deadlines [DE 30], Plaintiff, MARIO HERNANDEZ and Defendant CHARLOTTE BURROWS, respectfully jointly file this Motion for a Continuance of Trial and state in support thereof:

    **I.**    **EMERGENCY MOTION CERTIFICATION PER SO.DIST.FLA.L.R. 7.1(D)(1)**

    1.    The Motion herein is deemed an Emergency Motion pursuant to Rule 7.1(d)(2).

    2.    An emergency ruling is required herein by February 23, 2022, which is the date Plaintiff must its Witness and Exhibit List pursuant to this Honorable Court's Order of Continuance and Order Revising Pretrial Deadlines [DE 30]. Likewise, Defendant must file its Witness and Exhibit List by Friday, February 25, 2022.

## II.     SUMMARY OF RELIEF REQUESTED AND BACKGROUND

3.     The Parties respectfully request a continuance of all pending pretrial deadlines, starting with Plaintiff's deadline to file its Witness and Exhibit List, as well a continuance of trial to this Court's August / September 2022 trail calendar.

4.     The Parties engaged in a conference on Tuesday, February 22, 2022, to discuss the future handling of the case in light of the fact that both Parties had emergency personnel issues.

5.     Specifically, Plaintiff's counsel Ralph Azoy had to take FMLA leave, beginning on February 11, 2022, due his wife being diagnosed with a serious and unexpected medical condition.

6.     As it relates to Defendant, the AUSA assigned to this instant case, Suzette Smikle, took an unannounced and indefinite emergency leave beginning February 17, 2022. AUSA Smikle is not expected to return in time for trial. Accordingly, this case had to be reassigned to a new AUSA. AUSA John Leinicke was assigned to this case this week. AUSA Leinicke has no prior familiarity with this case.

7.     After the Parties engaged in a lengthy conference on Tuesday, February 22, 2022, and after meticulously discussing the current outlook and future handling of this case, the Parties mutually agreed to continuance of trial for the trial calendar commencing in August and/or September, 2022.

8.     The Parties reasoning for requesting this continuance is twofold. First, Plaintiff's counsel's firm is short staffed as a result of Mr. Azoy's unexpected FMLA leave. As such, Plaintiff's counsel is experiencing a hardship as it has numerous cases scheduled for trial in March through May of this year.

9.     Second, AUSA Leinicke is new to this case, which has been in litigation since 2020, and requires some time to be educated on the facts and procedural posture of this case before trial.

In addition, AUSA Leinicke is expecting his firstborn in late June / early July 2022 and as result will be on paternity leave from approximately July 1, 2022 through August 1, 2022, and October 1, 2022 through January 1, 2023.

10.  As a result of the unexpected emergencies identified above, the parties have not been able to exchange witness or exhibit lists or otherwise prepare a pretrial stipulation.

## I.  MEMORANDUM OF LAW

A trial court has broad discretion in ruling on requests for continuances. Dempsey v. Mac Towing, Inc., 876 F.2d 1538, 1541 (11th Cir.1989) (finding the decision to grant a continuance on the day of trial to permit further discovery on damages not an abuse of discretion). The Court must exercise its discretion in light of the circumstances presented by focusing upon the reasons offered for the continuance. *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985); S.D. Fla. L.R. 7.6 (noting a court may grant a continuance for exceptional circumstances).

When determining whether to grant a continuance, courts should consider: (1) the moving party's diligence in its efforts to ready its case prior to the deadline; (2) the likelihood that the need for a continuance will be remedied if the continuance is granted; (3) the extent to which granting the continuance would inconvenience the court and the opposing party; and (4) the extent to which the moving party might suffer harm as a result of the district court's denial. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005).

### A. A Continuance of Trial and Pretrial Deadlines for the Parties to File Witness and Exhibit List is Necessary as Result of the Sudden and Unexpected Personnel Issues

In this case, good cause exists to continue trial and extend pre-trial deadlines for both parties.  Specifically, Plaintiff's counsel firm is short staffed as a result of Mr. Azoy's unexpected FMLA leave.  As such, the office of Plaintiff's counsel is experiencing hardship as it has numerous cases scheduled for trial in March through May of this year.  Additionally, AUSA Leinicke was

3

not assigned to this case until Tuesday, February 23, 2022 and requires time to get acquainted with this instant case. Furthermore, because Mr. Leinicke is expecting his firstborn in June/July 2022, a June or July trial date may lead to the likely scenario where the Parties will need file another motion for continuance of trial as a result of Mr. Leinicke being on paternity leave.

In light of the foregoing, the Parties diligently scheduled a conference call to discuss last week's unexpected and sudden personnel issues. Pursuant to the conference call the Parties determined that a continuance of pending pretrial deadlines and trial will remedy the need for this continuance. Considering that the Parties mutually agreed to the continuance, neither Party will be prejudiced or inconvenienced should this motion be granted.

Accordingly, the Parties respectfully request a continuance of all pending pretrial deadlines, starting with Plaintiff's deadline to file its Witness and Exhibit List, as well a continuance of trial to commence on the court's August / September 2022 trail calendar. This request for a continuation of the pretrial deadlines and trial is based on good cause.

WHEREFORE, Plaintiff MARIO HERNANDEZ and Defendant CHARLOTTE BURROWS, respectfully requests that this Honorable Court enter an order (a) granting this motion to continue trial and pending pretrial deadlines, starting with Plaintiff's deadline to file a witness and exhibit list, and (b) granting any other relief this Court deems necessary and proper.

## **EMRGENCY CERTIFICATION**

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

4

Respectfully submitted on the 23rd day of February, 2022.

| | |
|---|---|
| **JUAN ANTONIO GONZALEZ**<br>**UNITED STATES ATTORNEY**<br><br>By:  */s/ John S. Leinicke*<br>JOHN S. LEINICKE<br>ASSISTANT UNITED STATES ATTORNEY<br>Fla. Bar. 64927<br>99 N.E. 4th Street, 3rd Floor<br>Miami, Florida 33132<br>Tel: (305) 961-9212<br>Fax: (305) 530-7679<br>Email: john.leinicke@usdoj.gov<br><br>COUNSEL FOR DEFENDANT | **AZOY SOCORRO LLP**<br><br>By:  */s/ David M. Fraguio*<br>Ralph Azoy, Esq.<br>Florida Bar No. 0011675<br>David M. Fraguio, Esq.<br>Florida Bar No. 1016475<br>2020 Ponce de Leon Boulevard<br>Suite 1008<br>Coral Gables, FL 33134<br>Tel:   (305) 340-7542<br>Fax:  (305) 418-7438<br>Ralph@azoysocorro.com<br>David@azoysocorro.com<br><br>COUNSEL FOR PLAINTIFF |