UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:20-cv-22721-FAM

MARIO HERNANDEZ,

    *Plaintiff*,

v.

CHARLOTTE BURROWS, CHAIR
OF THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    *Defendant*.
_____/

## DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS

Defendant, Charlotte Burrows, in her official capacity as Chair of the Equal Employment Opportunity Commission ("EEOC") and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(b)(3), hereby submits her reply statement of material facts to Plaintiff's Amended Response to Defendant's Statement of Material Facts in Support for Summary Judgment (ECF No. 125):

**Plaintiff's Amended Response to Defendant's Statement of
Material Facts in Support for Summary Judgment (ECF No. 56)**

**Procedural Facts**

12. Disputed. Plaintiff refers to ECF No. 56-5, which is the EEOC's Anti-Harassment policy as available on InSite. This does not contradict ECF Nos. 56-6 through 56-11.

13. Disputed. In the referenced deposition testimony, Ms. White-Dunston states that "while in Miami, [she] also provided EEO training to the entire staff…" (ECF No. 125-6, pg. 25, ln 4-5). This does not contradict Defendant's undisputed material evidence that on February 18, 2016, and March 30, 2016, the EEOC provided training on the EOOC's anti-harassment policy. (ECF Nos. 56-15 and 56-16).

15. Disputed. Plaintiff's asserted fact is misleading. In deposition, Plaintiff did not dispute the authenticity of the subject February 16, 2017, email providing him with a copy of the EEOC's EEO Policy Memorandum. Rather, Plaintiff testified only that he did not *recall* receiving the email. (ECF No. 52-2, pg. 303, ln. 11-2).

**Plaintiff's Employment**

21. Disputed. This asserted fact is misleading. Plaintiff's testimony is only that he did not *recall* receiving monetary awards. ("The [awards] that I remember receiving was for time off, and I remember receiving certificates that she would make, just kudos. Nothing monetary.") (ECF No. 56-2, pg. 183, ln. 14-17).

23. Disputed. Plaintiff's Employee Statement shows that on September 13, 2017, he took a full, eight-hour day of administrative leave. (ECF No. 56-44).

25. Disputed. Plaintiff testified that under Ms. Peters, Plaintiff never received a poor evaluation, was never denied a raise, and even received "kudos." (ECF No. 56-2 at 47, pg. 183, ln. 1-17).

26. Disputed. Defendant objects to Plaintiff's asserted fact concerning his career advancement because that fact is not supported by admissible evidence. Specifically, Plaintiff cites to the Final Agency Decision ("FAD") (ECF No. 125-4), which the Court has ruled to be inadmissible at trial. (ECF No. 117, ¶ 2). Plaintiff's remaining two asserted facts concerning Ms. Gonzalez's access to his computer and his inability to receive promotions are unsupported conjecture.[1] Plaintiff testified he had no proof that anyone destroyed the notes that he saved on his computer (ECF No 56-2, pg. 169, ln. 11-14). Also, Plaintiff conceded his performance drastically declined after reassignment. (ECF No. 125, ¶ 100).

### **Plaintiff's Interactions with Katherine Gonzalez**

30. Disputed. Plaintiff's assertion that he and Ms. Gonzalez carpooled because "she wanted to carpool" does not actually rebut or dispute that the two carpooled because they lived in the same area. Plaintiff testified that "I didn't have a problem with the carpooling. I didn't have a problem with all that." (ECF No. 56-2, pg. 139, ln. 21-25).

31. Disputed. Plaintiff actively sought to socialize with Ms. Gonzalez outside of work hours. (ECF No. 56-14, pg. 42, message dated 9/4/2013 at 9:45:22 AM "When is the next happy hour"; pg. 125, message dated 3/5/2014 at 10:49:33 AM "I prefer happy hour ;) "; pg. 170:

    > HERNANDEZ (7/24/2014 12:01:31 PM): I was hoping to get some cases written up (3) and maybe doing a hh
    > GONZALEZ (7/24/2014 12:02:10 PM): with me?
    > HERNANDEZ (7/24/2014 12:02:35 PM): no with some random chick I carpool with

    Plaintiff complained that retaliation by Ms. Gonzalez was that "she would raise the level of scrutiny that I was under or subject me to some sort of negative action as a result of my

---

[1] *Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment).

2

opposition." ECF No. 56-2, pg. 179, ln. 24 – pg. 180, ln. 2). Plaintiff's vague and conclusory allegations are legally inadequate to constitute a materially adverse action.[2]

32. Disputed in part. Plaintiff testified that during the time Ms. Gonzalez was his supervisor, their sexual relationship was consensual. (ECF No. 56-2, pg. 104, ln 20-24). The second asserted fact, that Plaintiff went to Key West in September 2013, is undisputed.

35. Disputed. Plaintiff's response to the photograph depicted in ECF No. 56-37 is misleading. Plaintiff testified that he specifically remembered this particular night. (ECF No. 56-2, pg. 177, ln. 23-25). Plaintiff testified that he went to this happy hour event even though he knew that Ms. Gonzalez was going to attend. (*Id*., pg. 178, ln. 15-21).

36. Disputed. Plaintiff testified that he did not remember after he started having sexual contact with Ms. Gonzalez how long that lasted before she was no longer his supervisor. (ECF. No. 56-2, pg. 103, ln. 6-10). Defendant further objects to Plaintiff's second asserted fact concerning Ms. Gonzalez's in-office interactions with Plaintiff in 2014. This fact is not supported by admissible evidence. Plaintiff cites to the Final Agency Decision ("FAD") (ECF No. 125-4), which the Court has ruled to be inadmissible at trial. (ECF No. 117, ¶ 2). Furthermore, this statement is hearsay to which there is no applicable exception.[3]

**Agency Proceedings**

37. Disputed. Plaintiff's facts are misleading. Plaintiff testified that he does not know if he had any sexual contact with Ms. Gonzalez within 45 days prior to October 16, 2017. (ECF No. 56-2, pg. 250, ln. 13-17). The Amended Complaint alleges that Plaintiff was sexually harassed by Ms. Gonzalez on August 22, 2017, fifty-one days prior to October 16, 2017. (ECF No. 18, ¶ 86). Although the Amended Complaint alleges that Plaintiff was sexually harassed again on September 13, 2017 (ECF No. 18, ¶ 7), his Employee Statement shows that he took that day off. (ECF No. 56-44).

---

[2] *See, e.g., Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1241 (11th Cir. 2001) ("criticisms of an employee's job performance — written or oral — that do not lead to tangible job consequences will rarely form a permissible predicate"); *Harbuck v. Teets*, 152 Fed.Appx. 846, 848 (11th Cir. Oct. 12, 2005) (concluding that "[t]he actions about which Harbuck complains do not constitute an adverse employment action" where plaintiff complained that "she has been subject to heightened scrutiny since her deposition in her previous EEOC complaint").

[3] *See e.g. Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (nonmoving party on summary judgment must come forward with sufficient evidence in the form of relevant and admissible evidence) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); Fed.R.Civ.P. 56(e)); *Macuba v. Deboer,* 193 F.3d 1316, 1322–23 (11th Cir.1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'").

41. Undisputed.

42. Disputed. Even if true that Plaintiff first contact an EEO Counselor on October 16, 2017 (ECF No. 18, ¶ 7; ECF No. 56-2, pg. 299, ln. 25 – pg. 300, ln 9.), Plaintiff testified that he does not know if he had any sexual contact with Ms. Gonzalez within 45 days of October 16, 2017. (ECF No. 56-2, pg. 250, ln. 13-17).

44. Disputed. Defendant objects to Plaintiff's second and third asserted facts concerning statements of Ms. Caddle, as these facts are not supported by admissible evidence. Specifically, Plaintiff cites to the FAD (ECF No. 125-4), which the Court has ruled to be inadmissible at trial. (ECF No. 117, ¶ 2). Furthermore, these statements are inadmissible hearsay to which there is no applicable exception.

45. Disputed. Plaintiff's cited fact does not contradict Defendant's assertion that he failed to sign his affidavit in the administrative proceeding.

**Plaintiff's Statement of Material Facts (DE125)**

I. **ADDITIONAL FACTS – Issues of Material Fact Related to Sexual Harassment Claim.**
A. **THE SECOND ELEMENT: Sexual Harassment Was Not Welcomed/Consensual.**

46. Disputed. This asserted fact is vague, as Plaintiff cannot recall when his relationship with Ms. Gonzalez allegedly became non-consensual. (ECF No. 56-2, pg. 91, ln. 1-4).

47. Disputed. First, it is unclear who or what Plaintiff refers to that "confirmed" his allegations of sexual harassment. Also, Plaintiff's uncorroborated claim of harassment during the September 2013 Key West trip is belied by his contemporaneous private messages to Ms. Gonzalez. For example, on September 19, 2013, Plaintiff texted Ms. Gonzalez that you "can't harass the willing....copy that one into your defense book." (ECF No. 56-14, page 50). Later that same day, Plaintiff texted her "then who's your daddy." (*Id*., page 50).

48. Disputed. The citation to ECF No. 125-2, pages 91-92 does not exist. The second exhibit (ECF No. 125-1) references Plaintiff's deposition testimony. The asserted fact is misleading, as Plaintiff's referenced testimony discusses "flirting," not "sexual contact." Plaintiff's assertion that he daily communicated to Ms. Gonzalez his opposition to her sexual contact is categorically refuted by their Novell messages. Rather, Plaintiff repeatedly sent his own sexually charged messages to Ms. Gonzalez (ECF No. 56-14):

4

  a. Page 48: HERNANDEZ (9/18/2013 2:14:53 PM): I swear that [song] goes through my head whenever I first see you. If you had theme music that would be it[4]
GONZALEZ (9/18/2013 2:15:09 PM): lmao, what station do you hear that song?
HERNANDEZ (9/18/2013 2:15:19 PM): It's an old army song
HERNANDEZ (9/18/2013 2:15:29 PM): I heard it while getting a blowjob from a stripper

  b. Page 49: GONZALEZ (9/18/2013 2:15:47 PM): so thats how u really see me!
HERNANDEZ (9/18/2013 2:15:56 PM): indeed
HERNANDEZ (9/18/2013 2:16:01 PM): and you love it
GONZALEZ (9/18/2013 2:16:02 PM): :/
HERNANDEZ (9/18/2013 2:16:14 PM): wipe that smirk off your face
GONZALEZ (9/18/2013 2:16:18 PM): no, i dont think i love being seen as a stripper
HERNANDEZ (9/18/2013 2:16:21 PM): wipe it
GONZALEZ (9/18/2013 2:16:24 PM): lol
HERNANDEZ (9/18/2013 2:16:34 PM): I'm in love with a stripper
GONZALEZ (9/18/2013 2:16:45 PM): i.w.u
HERNANDEZ (9/18/2013 2:16:57 PM): I want yogurt
HERNANDEZ (9/18/2013 2:17:10 PM): there's a u in yogurt
GONZALEZ (9/18/2013 2:17:16 PM): if thats all it takes to satisfy you, go ahead
HERNANDEZ (9/18/2013 2:17:17 PM): is that what yo umeant
HERNANDEZ (9/18/2013 2:17:25 PM): lol
GONZALEZ (9/18/2013 2:17:34 PM): u like making me beg for it
HERNANDEZ (9/18/2013 2:17:44 PM): I love hearing yo ubeg

  c. Page 55: HERNANDEZ (9/27/2013 8:27:03 AM): Hey You're crazy bitch But you fuck so good, I'm on top of it When I dream, I'm doing you all night Scratches all down my back to keep me right on

  d. Page 56: HERNANDEZ (9/27/2013 10:06:58 AM): I still love ya.

  e. Page 70: HERNANDEZ (10/31/2013 3:26:42 PM): jelly baby when a man ejaculates in a woman's anal canal and a blob of semen secretes out during a bowel movement. My wife came home from work today to tell me that last night's anal sex left her with a jelly baby.

  f. Page 70: HERNANDEZ (10/31/2013 3:27:10 PM): Jelly Babies The congealed mix of sperm and nether fluids which remains if male ejaculate isn't cleaned up within minutes of such a deposit. I smoked my cigarette and laughed, after some hot sex, as my girlfriend tried frantically to wipe the jelly babies off her back, but those little buggers just roll around and run away.

  g. Page 87: GONZALEZ (12/9/2013 10:13:48 AM): ur cologne drove me crazy today
HERNANDEZ (12/9/2013 10:14:40 AM): I'm glad it has that effect, I was doubting it's potency lol

---

[4] The song Plaintiff is referencing is "Crazy Bitch" by Buckcherry. Plaintiff sent Ms. Gonzalez a YouTube link to the "Crazy Bitch" music video earlier that day at 1:58:32 p.m. and again at 1:58:46 p.m. Plaintiff later instructs Ms. Gonzalez to "listen to the last two verses of that song." (*Id*. at page 55, message sent 9/27/2013 at 8:28:18 AM). The lyrics referenced by Plaintiff go: "Baby girl / You want it all / To be a star / You'll have to go down / Take it off / No need to talk / You're crazy / But I like the way you fuck me."

    h.    Page 92: HERNANDEZ (12/23/2013 10:24:42 AM): you don't realize we make out more with each other than our spouses. You've had your tongue in my mouth more than my wife has in over ten years.

    i.    Page 96: GONZALEZ (1/7/2014 3:00:58 PM): who came earlier, a cp?
HERNANDEZ (1/7/2014 3:01:04 PM): I did
GONZALEZ (1/7/2014 3:01:13 PM): :/
GONZALEZ (1/7/2014 3:01:31 PM): i walked into that one lol
HERNANDEZ (1/7/2014 3:01:36 PM): you fell into that one
HERNANDEZ (1/7/2014 3:01:42 PM): indeed lol
GONZALEZ (1/7/2014 3:03:51 PM): i was not expecting that to happen
HERNANDEZ (1/7/2014 3:04:09 PM): wtf did you expect???
GONZALEZ (1/7/2014 3:04:15 PM): on i mean any of it lol
GONZALEZ (1/7/2014 3:04:24 PM): no*
HERNANDEZ (1/7/2014 3:04:30 PM): lol
HERNANDEZ (1/7/2014 3:04:33 PM): you started it
GONZALEZ (1/7/2014 3:04:57 PM): well, its unlike me to do that
HERNANDEZ (1/7/2014 3:05:08 PM): really
HERNANDEZ (1/7/2014 3:05:30 PM): then i am the benifactor of your rare mood
GONZALEZ (1/7/2014 3:05:35 PM): u know since before anything happened!
GONZALEZ (1/7/2014 3:05:37 PM): lol
HERNANDEZ (1/7/2014 3:05:50 PM): im confused again lol
GONZALEZ (1/7/2014 3:06:23 PM): since before anything happened between us, u know i dont like doing that
HERNANDEZ (1/7/2014 3:06:48 PM): not sure why your a pro
GONZALEZ (1/7/2014 3:07:03 PM): just cuz i dont like it dont mean i don't know how ;)
GONZALEZ (1/7/2014 3:07:10 PM): or it doesnt mean i dont do it
HERNANDEZ (1/7/2014 3:07:25 PM): no complaints here
GONZALEZ (1/7/2014 3:08:59 PM): whats funny is that i was just planning to tease u, wasn't planning on finishing lol. thats why i stopped (Sorry), the way i look at it is that i'm married, i dont have to swallow ;)
HERNANDEZ (1/7/2014 3:09:26 PM): lol not to me
HERNANDEZ (1/7/2014 3:09:38 PM): besides what else are you going to do with it
HERNANDEZ (1/7/2014 3:09:50 PM): cup it in your hand??
GONZALEZ (1/7/2014 3:09:58 PM): lol i hadnt thought about it at the time til it was too late
HERNANDEZ (1/7/2014 3:10:05 PM): lol
HERNANDEZ (1/7/2014 3:10:14 PM): i was thinking about it the whole time
GONZALEZ (1/7/2014 3:10:15 PM): if we were somewhere else there are other things to do
HERNANDEZ (1/7/2014 3:10:18 PM): best day ever

49.    Disputed. Plaintiff's Novell messages contradict his alleged opposition to Gonzalez. Moreover, whether or not Plaintiff was sexually harassed is a legal conclusion, not a fact.

50.    Disputed. Whether or not Plaintiff was sexually harassed is a legal conclusion, not a fact. Additionally, the referenced portion of Plaintiff's deposition testimony consists of the attorneys discussing taking a break with the videographer.

51. Disputed. The referenced report is inadmissible hearsay.

52. Disputed. The referenced report is inadmissible hearsay.

53. Disputed. The referenced report is inadmissible hearsay.

54. Disputed. The referenced report is inadmissible hearsay.

55. Disputed. The referenced report is inadmissible hearsay.

56. Disputed. The information cited to support this fact comes from the FAD (ECF No. 125-4) which this Court ruled is inadmissible at trial. (ECF No. 117, ¶ 2). Additionally, Plaintiff testified that when their affair began in 2013, and while Ms. Gonzalez was his supervisor, their affair was consensual. (ECF No. 56-2, pg. 86, ln 24 – pg. 89, ln. 15).

57. Disputed. First, the information cited to support this fact comes from the FAD (ECF No. 125-4) which this Court ruled is inadmissible at trial. (ECF No. 117, ¶ 2). Additionally, this fact is misleading. Plaintiff welcomed these sexual communications from Ms. Gonzalez, and indeed repeatedly responded in kind with his own sexually charged messages to Ms. Gonzalez (*See* referenced portions to ECF No. 56-14, ¶¶ 31, 47-48, *supra*).

58. Disputed. This fact is solely supported by citations to the FAD (ECF No. 125-4) and the ROI (ECF No. 125-7), both of which are inadmissible at trial. (ECF No. 117, ¶ 2).

59. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.

**B. THE FOURTH ELEMENT: Hostile/Abusive Work Environment**

60. Disputed. The citation – ECF No. 125-2, page 91-92 – does not exist. Furthermore, the referenced report is inadmissible hearsay.

61. Disputed. The referenced alleged conduct did not occur inside the workplace. It occurred outside the workplace at Scully's, "a tavern on Sunset in Southwest, about 92nd Avenue." (ECF No. 125-1, pg. 92, ln. 23-25 – pg. 93, ln. 1-3.). It is therefore irrelevant.

62. Disputed. Plaintiff regularly initiated flirtatious exchanges with Ms. Gonzalez long after she ceased to be his supervisor. For example, on June 17, 2014, Plaintiff, in a flirtatious exchange with Ms. Gonzalez, indicated that he was "flattered" that she wanted to kiss him. (DE 56-14 at 150 at 9:57:57 AM to 10:00:01 AM). When Ms. Gonzalez asked Plaintiff what he would do if she did kiss him, "to show u why we really cant [sic] be friends," Plaintiff replied, "I'd file a multi-million dollar sexual harassment lawsuit against the agency, and split it with you with the terms we discussed on the way to the keys lol." *Id*.

63. Disputed. It is unclear what "The only time Plaintiff could his job…" means.

64. Disputed. There is no evidence to show when this statement was allegedly made by Ms. Gonzalez to Plaintiff, or whether it was made during work hours.

65. Disputed. The referenced report is inadmissible hearsay.

66. Disputed. The referenced portion of Plaintiff's deposition (ECF No. 125-1, page 4) consists entirely of counsel stating their appearances.

67. Disputed. The referenced report is inadmissible hearsay. It further constitutes an opinion / legal conclusion, not a material fact. Regardless, it is irrelevant to the instant case.

68. Disputed. The referenced report is inadmissible hearsay. Regardless, Plaintiff's interpretation of the referenced portion of the report is misleading, as it does not specifically state that Ms. Gonzalez exhibited discriminatory animus.

69. Disputed. The referenced report is inadmissible hearsay. Also, the referenced report is vague as to which specific MIDO employees were allegedly favored by management.

70. Disputed. The referenced report is inadmissible hearsay.

71. Disputed. First, this is a legal conclusion, not a fact. Second, this alleged fact is solely supported by citation to the FAD (ECF No. 125-4), which this Court ruled is inadmissible at trial. (ECF No. 117, ¶ 2).

### C. THE FIFTH ELEMENT: Issues Exist Related to Agency's Liability

72. Disputed. The referenced deposition testimony is a statement of the Plaintiff's personal opinion / legal conclusion, not an issue of material fact.

73. Disputed. Plaintiff Mario Hernandez received a copy of the EEOC's EEO policy Memorandum in an email dated February 16, 2017 (ECF No. 56-13). Additionally, Plaintiff, an investigator with the EEOC, professed his familiarity with Title VII. (ECF No. 56-2, pg. 126, ln. 14-24 and p. 127 at lines 5-15) ("I am a subject matter expert, yes.").

74. Disputed. This asserted fact regarding other employees' awareness of the OEO process is irrelevant. Plaintiff was provided information on the OEO process, as he received a copy of the EEOC's EEO policy memorandum in an email dated February 16, 2017 (ECF No. 56-13). The policies and procedures regarding how to file a retaliation complaint, including one though OEO, were widely distributed in multiple emails and would have gone to Plaintiff's email inbox; the anti-harassment policy was available in employee handbooks; the policy was on InSite, the agency's intranet site accessible to all employees; and multiple training opportunities were offered. (ECF Nos. 56-5, 56-6-11, 56-15-16, 56-17, 56-39). Additionally, Plaintiff's job as an EEOC investigator requires him to be familiar with these

procedures or at least where to look. Indeed, Plaintiff touted his own skills and familiarity with EEOC materials. (ECF. No. 56-2 at 127, line 7-19) (noting that Plaintiff works with a compliance manual for proof of a prima facie case and it is "very complicated.").

75. Disputed. The referenced deposition testimony is a statement of the deponent's personal opinion / legal conclusion, not an issue of material fact.

76. Disputed. The referenced report is inadmissible hearsay. Regardless, Plaintiff actively concealed his relationship with Ms. Gonzalez from EEOC management. "Complainant admits to initially denying the contact." (ECF No. 125-5 at page 16 / 03090). In 2016, MIDO District Director Michael Farrell repeatedly questioned Plaintiff regarding his claimed harassment, and Plaintiff denied there was any issue. (*Id*. at page 71 / 03145).

77. Disputed. The referenced report is inadmissible hearsay. Regardless, Plaintiff actively concealed his relationship with Ms. Gonzalez from EEOC management. "Complainant admits to initially denying the contact." (ECF No. 125-5 at page 16 / 03090). In 2016, MIDO District Director Michael Farrell repeatedly questioned Plaintiff regarding his claimed harassment, and Plaintiff denied there was any issue. (*Id*. at page 71 / 03145).

78. Disputed. The referenced report is inadmissible hearsay. Regardless, any complaint unrelated to the Plaintiff is irrelevant.

79. Disputed. The referenced report is inadmissible hearsay. Regardless, any complaint unrelated to the Plaintiff is irrelevant.

80. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.

81. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.

82. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.

83. Disputed. First, this is a legal conclusion, not a fact. Second, this fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.

    II. **Retaliation Claim**
        A. **THE FIRST ELEMENT: Plaintiff Engaged in an Activity Protected Under Title VII:**

84. Disputed. Plaintiff repeatedly sent flirtatious and sexually charged private messages to Ms. Gonzalez initiating sexual contact. (ECF No. 56-14, referenced *supra* at ¶¶ 31, 47-48).

85. Disputed. Plaintiff repeatedly sent flirtatious and sexually charged private messages to Ms. Gonzalez initiating sexual contact. (ECF No. 56-14, referenced *supra* at ¶¶ 31, 47-48).

86. Disputed. The referenced report is inadmissible hearsay.

87. Disputed. The referenced report is inadmissible hearsay.

88. Disputed. The referenced report is inadmissible hearsay.
89. Disputed. The referenced report is inadmissible hearsay.
90. Disputed. The referenced report is inadmissible hearsay.
91. Disputed. The referenced report is inadmissible hearsay.
92. Disputed. The referenced report is inadmissible hearsay.
93. Disputed. The referenced report is inadmissible hearsay.
94. Disputed. The referenced report is inadmissible hearsay.

### B. THE SECOND ELEMENT: Suffered an Adverse Employment Action

95. Disputed. This asserted "fact" that Gonzalez retaliated against Plaintiff is the Plaintiff's personal opinion / legal conclusion and is unsupported by any admissible evidence.
96. Disputed. Plaintiff's testimony that he was denied leave is contradicted by his timesheets. (ECF No. 56-44). Plaintiff could not recall a single specific instance where he experienced a repercussion for allegedly rebuffing Ms. Gonzalez. (ECF No. 56-2 at pg. 48, ln. 15 – pg. 49, ln. 4). Finally, "scrutiny" does not legally equate to an adverse employment action.
97. Disputed. Plaintiff testified in his deposition that he specifically requested to no longer be supervised by Ms. Gonzalez and, as a result, he was transferred to Ms. Peters' unit. (ECF No. 56-2 at p. 204, ln 9-11; p. 205, ln 7-11). Plaintiff agreed in deposition that he "welcomed being moved." (ECF No. 56-2 at p. 205, ln 10-11).
98. Disputed. This is quadruple-hearsay: the non-party deponent is reading a statement contained within a letter written by a third-party, Ms. Caddle. The referenced exhibit has not been filed with the Court. Also, what Plaintiff complained about is not specified.
99. Disputed. The referenced report is inadmissible hearsay.
100. Undisputed.
101. Undisputed.
102. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
103. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
104. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
105. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
106. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
107. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial.
108. Disputed. This fact solely cites to the FAD (ECF No. 125-4), which is inadmissible at trial. Also, this statement is inadmissible hearsay to which there is no applicable exception.

                                        Respectfully submitted,

                                        **JUAN ANTONIO GONZALEZ**
                                        **UNITED STATES ATTORNEY**

By:    *John S. Leinicke*
           JOHN S. LEINICKE
           ASSISTANT UNITED STATES ATTORNEY
           Fla. Bar. 64927
           99 N.E. 4th Street, 3rd Floor
           Miami, Florida 33132
           Tel: (305) 961-9212
           E-mail: john.leinicke@usdoj.gov

           *Counsel for Defendant*